FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JAN 22 A 9: 21

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| MICHAEL TAYLOR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO.: CV506-014 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge G. William Davenport ("the ALJ" or "ALJ Davenport") denying his claim for Disability Insurance Benefits and Supplemental Security Income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on July 27, 2001, alleging that he became disabled on July 11, 2001 due to degenerative joint disease, diabetes mellitus, emphysema, arthritis, and swelling of the hands and feet. (Tr. at 18). After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On December 13, 2002, ALJ Davenport held

AO 72A
(Rev. 8/82)

a hearing at which Plaintiff appeared and testified. (Id. at 35). ALJ Davenport found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Id. at 35). The Appeals Council remanded the case to the ALJ for a supplemental hearing, which was held on January 26, 2005. (Tr. at 17). Again, ALJ Davenport found Plaintiff not disabled within the meaning of the Act. (Id.). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 7).

Plaintiff, born on August 16, 1960, was forty-two (42) years old when ALJ Davenport issued his decision. He has a high school education. (Tr. at 18). His past relevant work experience includes employment as a sewing machine operator, truck loader, door gluer, and gang nail machine operator. (Id. at 18).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal

2

AO 72A
(Rev. 8/82)

Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that after the alleged onset date of July 11, 2001, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 18). At step two, the ALJ determined that Plaintiff had chronic obstructive pulmonary disease, diabetes mellitus, arthritic aches and pains, and chest pains, all impairments that are "severe" within the meaning of the Act. (Tr. at 22). However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff retains the residual functional capacity to: perform light to medium work with occasional climbing (never on ladders, ropes, or scaffolds); occasionally crawl, kneel, crouch, and stoop; and occasionally use both legs for pushing and pulling (can use his feet to operate foot controls). (Tr. at 23). At the next step, ALJ Davenport concluded that Plaintiff's past

3

relevant work was not precluded by his residual functional capacity, and that he could return to his past relevant work as a door gluer and as a gang nail machine operator. (Tr. at 24). Accordingly, the ALJ found Plaintiff not disabled within the meaning of the Act. (Id.).

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

4

AO 72A
(Rev. 8/82)

**ISSUES PRESENTED**

I. Whether the ALJ properly evaluated the medical evidence of record or, instead, erred in discounting the opinions of Plaintiff's treating physicians.

II. Whether substantial evidence supports the ALJ's finding that Plaintiff can return to his past relevant work.

**DISCUSSION AND CITATION TO AUTHORITY**

I. **The ALJ Failed to Properly Evaluate the Medical Evidence**

Plaintiff contends that the ALJ erred in discounting the opinions of Dr. Rama, Dr. Gomez, Dr. Castro, and Dr. Scott, the treating physicians. Plaintiff asserts that the ALJ failed to give any reason for rejecting the opinions of these physicians, and that therefore the opinions must be deemed true as a matter of law. (Doc. No. 14, p. 16). Conversely, Respondent contends that the ALJ considered the opinions of these physicians "together with the medical record as a whole." (Doc. No. 15, p. 13).

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor."

AO 72A
(Rev. 8/82)

Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

This Court finds that the ALJ in this case failed to properly evaluate the medical evidence. Specifically, ALJ Davenport did not sufficiently articulate what weight he gave to the opinion of Dr. Rama, one of Plaintiff's treating physicians. Dr. Rama, who appears to have been Plaintiff's primary care physician, treated Plaintiff regularly between 1994 and 2002. (Tr. at 235-244). Dr. Rama's records indicate that during this nine year period, he saw Plaintiff eighteen times, or about once or twice per year between 1994 and 2000 and then much more frequently in between 2001 and 2002. (Id.). In a letter dated January 28, 2002, Dr. Rama opined that Plaintiff "has chronic emphysema, NIDDM [non-insulin dependent diabetes mellitus], congenital dwarfism, degenerative joint disease and severe obesity. He should be considered for disability." (Tr. at 235).

While Respondent contends that Dr. Rama's "clinical findings do not support" his conclusion that Plaintiff was disabled (Doc. No. 15, p. 13), this position is not one which appears to have been taken, at least explicitly, at the agency level by the ALJ. Indeed, while the ALJ explicitly rejected the opinions of Plaintiff's other treating physicians[1], he fails to do the same in the case of Dr. Rama. While the ALJ does briefly discuss certain diagnostic tests performed at Bacon County Hospital which were ordered by Dr. Rama as

---

[1] ALJ Davenport discredited Dr. Castro's opinion that Plaintiff is totally disabled, stating that "his overall findings are based primarily on claimant's subjective complaints rather than on clinical findings." (Tr. at 19). The ALJ also found Dr. Castro's opinion contrary to the overall objective evidence and having only "minimal support" from Castro's own notes of treatment. (Id.). ALJ Davenport also explicitly rejected Dr. Gomez's opinion, finding that the single medical record attributable to Dr. Gomez "gives him zero support" (Tr. at 21), referring to the one-page treatment record from Dr. Gomez preceding his Physical Capacities Evaluation (Tr. at 298). ALJ Davenport also explicitly discounted the opinion of Dr. Scott, finding it "to be of no evidentiary value." (Tr. at 22). The ALJ noted that while Dr. Scott found Plaintiff to be "at death's door on aches and pains," this finding was completely at odds with the consulting orthopedist and wholly inconsistent with Plaintiff's daily activities, which included light housework, taking out the trash, washing dishes, and working in the yard. (Tr. At 21-22).

Plaintiff's attending physician (Tr. at 19), he at no point references the 2002 letter containing Dr. Rama's medical opinion and his findings contain not a single mention of Dr. Rama by name. The ALJ must "state with particularity" what weight he gives to the various medical opinions and must give explicit reasons in so doing. ALJ Davenport appears to have adhered to this requirement regarding the opinions of Drs. Castro, Gomez, and Scott, but failed to do so as to Dr. Rama. It is entirely possible that the reason for ALJ Davenport's omissions is because he in fact *accepted* or at least gave some weight to Dr. Rama's medical diagnoses, but if that is the case, it is certainly not clear from the record before this Court. If the Court was to infer what weight the ALJ gave to the opinions of physicians, the Court would be in grave danger of overstepping its role in Social Security cases. See Dyer, 395 F.3d at 1210 (stating that a reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner).

It is clear that ALJ Davenport failed to properly review the medical evidence of record. It is unclear what weight the ALJ accorded to Dr. Rama's opinion, and if that opinion was indeed discounted, no explicit reason was given for doing so. A discussion of Plaintiff's second enumeration of error is unnecessary.

**II.   Remand is Proper**

Plaintiff urges that the Commissioner's decision should be reversed with instructions to award benefits on account of the fact that remand for further development would be unnecessary. (Doc. No. 14, p. 22). Plaintiff contends that at his hearing, the vocational expert testified that he would be unable to perform any work given the limitations of his treating physicians. (Id.). However, as discussed above, it is unclear what weight the ALJ

7

has given to the opinion of at least one treating physician, Dr. Rama. The evidence before this Court remains far from unequivocally pointing to a specific finding, and therefore this Court will not substitute its judgment for that of the ALJ as to Plaintiff's disability or lack thereof. Rather, this case should be remanded with instructions for a proper determination of the evidence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 22nd day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE