


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MICHAEL TAYLOR,

Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant.

CIVIL ACTION NO.: CV506-014

**O R D E R**

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Defendant has filed Objections. In her Objections, Defendant contends that the Magistrate Judge erred in finding that the ALJ did not sufficiently articulate the weight given to the opinion of Dr. Rama, one of Plaintiff's treating physicians. Defendant alleges that the ALJ's findings were actually *consistent* with Dr. Rama's diagnosis, stating that:

> "Dr. Rama wrote a 'to whom it may concern' letter indicating that Plaintiff had chronic emphysema (which his office notes indicate was chronic obstructive pulmonary disease – COPD), NIDDM (non-insulin dependent diabetes mellitus), congenital dwarfism, degenerative joint disease and sever[e] obesity; and, that he 'should be considered for disability.' . . . The ALJ found that Plaintiff had COPD, NIDDM, arthritic aches and pains and chest pains and that these were severe impairments. Thus, the ALJ's finding[s] are consistent with Dr. Rama's diagnosis of Plaintiff's medical conditions as set forth in the letter."

(Doc. No. 18, p. 2).

First, this Court must disagree with Defendant's characterization of the ALJ's findings as exactly "consistent" with Dr. Rama's diagnoses. The ALJ did not find that Plaintiff had "congenital dwarfism, degenerative joint disease, [or] severe obesity," three of the five diagnoses Dr. Ramas made in his letter. More to the point, however, the requirement here is that the ALJ must "state with particularity the weight he gave different medical opinions and the reasons therefore." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). Considering that Dr. Ramas is mentioned not once by name in the ALJ's lengthy report, it cannot seriously be argued that the ALJ met this standard. Indeed, as the Magistrate Judge noted, "[i]t is entirely possible that the reason for ALJ Davenport's omissions is because he in fact *accepted* or at least gave some weight to Dr. Rama's medical diagnoses." (Doc. No. 16, p. 7). Defendant would have the Court *presume* as much, but of course deciding facts and weighing evidence is not the business of the reviewing court, and the suggested inference would indeed put the court in "grave danger of overstepping its role in Social Security cases." (Doc. No. 16, p. 7).

Because the evidence before this Court is insufficient to support the ALJ's finding, the Report and Recommendation is adopted as the opinion of this Court. The case is hereby **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g).

**SO ORDERED**, this 18th day of April, 2007.

[signature]

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)